**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES LAM, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:24-cv-01282-SEP |
| | ) | |
| VITALCORE HEALTH STRATEGIES, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. Doc. [37]. For the reasons set forth below, the motion is denied, but Plaintiff may refile it according to the Court's instructions.

**FACTUAL BACKGROUND**

Plaintiff filed this action on September 18, 2024, under 42 U.S.C. § 1983, alleging violations of his civil rights during his pretrial incarceration at St. Charles County Department of Corrections. Doc. [1]. Plaintiff brought the action against VitalCore Health Strategies and several unnamed defendants. Docs. [1], [15]. Earlier this year, the Court ordered the appointment of a limited-scope pro bono counsel on behalf of Plaintiff for the purpose of obtaining the necessary identifying information for the defendants. Doc. [31]. On September 14, 2026, Plaintiff submitted a motion to amend his complaint, along with a proposed amended complaint with his motion. Docs. [37], [37-1].

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave" to amend a complaint "when justice so requires," but there is no absolute right to amend. *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). When a plaintiff violates a local procedural rule, the district court has the discretion to deny the motion to amend the complaint. *Peet v. City of Sikeston*, 2025 WL 1219730 at *1 (E.D. Mo. Apr. 28, 2025) (citing *Ellis v. City of Minneapolis*, 518 F. App'x 502, 505 (8th Cir. 2013) (affirming district court's decision to deny post-judgment leave to amend partly because the plaintiffs failed to comply with local procedural rules by omitting a redlined copy outlining the proposed changes to their complaint)).

Here, Plaintiff failed to comply with the requirement in Eastern District of Missouri Local Rule 4.07 specifying that "[a]ll new material in the amended pleading must be underlined and all material being removed must be struck through." Plaintiff's proposed amended complaint contains no visible markup demonstrating his proposed changes to the original complaint. Doc. [37]. Although the Court recognizes that Plaintiff is a *pro se* litigant, "[s]elf-represented litigants are not excused from compliance with procedural and local rules." *Gilmore v. City of Cape Girardeau*, 2025 WL 688989 at *3 (E.D. Mo. Mar. 4, 2025). And compliance with this particular rule is necessary for the Court to be able to identify and assess the amendments Plaintiff proposes to make to his 30-page complaint.

Any future request for leave to amend the complaint must be filed with a proposed amended complaint indicating the proposed changes in accordance with Rule 4.07. *Nabali 4 LLC v. Country Mut. Ins. Co.*, 2026 WL 1179400 at *3 (E.D. Mo. Apr. 30, 2026).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint, Doc. [37], is **DENIED without prejudice.** Plaintiff shall have 90 days from the date of this Order to file an amended complaint that complies with Eastern District of Missouri Local Rule 4.07. **The amended complaint must clearly identify all proposed changes to the original complaint. "All new material in the amended pleading must be underlined and all material being removed must be struck through."** E.D.Mo. L.R. 4.07.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the original complaint, Doc. [1], to use for the above purpose at no cost.

Dated this 16th day of September, 2026.



SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE